UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| NATHAN E. BROOKS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-378 |
| v. | ) | Judge Atchley |
| JOE SMITH, *et al.*, | ) | Magistrate Judge Steger |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

On September 4, 2025, United States Magistrate Judge Christopher H. Steger issued a Report and Recommendation [Doc. 18] recommending that this action be dismissed without prejudice. Plaintiff has timely objected to the Report and Recommendation. [Doc. 19]. For the following reasons, Plaintiff's Objection [Doc. 19] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 18], and this matter is **DISMISSED WITHOUT PREJUDICE**. All pending motions [Docs. 9, 11, 14, 17] are **DENIED AS MOOT**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights case. Plaintiff, an Anglican priest, alleges he served as a volunteer chaplain at the Hamilton County Jail from 2009 through 2020. [Doc. 2 at 3–4]. In this role, Plaintiff participated in Holy Communion and Anointment for Healing and Deliverance with prisoners. [*Id.* at 4]. In 2020, the Hamilton County Jail moved to a new location, Silverdale.[1] [*See id.*]. After this occurred, Plaintiff reached out to Administrative Chaplin John Waters to ask for instructions regarding how he could conduct the aforementioned sacraments at Silverdale. [*See id.*]. In

---

[1] As Magistrate Judge Steger noted in the Report and Recommendation, the Hamilton County Jail was originally located in downtown Chattanooga. [Doc. 18 at 3 n.2]. In 2020, however, the County moved jail operations to the Silverdale Detention Center formerly operated by Corrections Corporation of America (now "CoreCivic") located at 7609 Standifer Gap Road. [*Id.*].

response, Waters allegedly told Plaintiff there was no place for him at Silverdale given that the facility did not have a chapel. [*Id.* at 4]. Plaintiff further alleges that several prisoners were denied Holy Communion and/or Anointment and that he was prohibited from "administer[ing] the bread of Holy Communion to prisoners through their cell bars when they were unable to attend the service with a group of prisoners." [*Id.* at 5]. It is not clear when these events allegedly occurred.

The move to Silverdale was not the only event that impacted Plaintiff's ministry. Plaintiff alleges he was prevented from engaging in ministry during the COVID-19 pandemic. [*Id.* at 10]. After the pandemic subsided and Plaintiff completed treatment for a personal medical condition, Plaintiff wrote the Hamilton County Sheriff, Defendant Austin Garrett, to express his desire to return to the Jail to celebrate Holy Communion with the prisoners. [*Id.* at 10–11; *see also* Doc. 2-1]. When his letters to Sheriff Garrett were met with no response, Plaintiff reached out to Defendant Joe Smith who performed prison ministry at Silverdale. [Doc. 2 at 11]. Smith allegedly told Plaintiff that he could begin ministering to prisoners again but that Plaintiff would be unable to conduct Holy Communion or participate in Anointment. [*Id.* at 11–12]. Plaintiff then called Defendant Chaplin Jones to state that he and the prisoners were guaranteed the right to celebrate Holy Communion in the Jail. [*Id.* at 13]. In response, Jones told Plaintiff that she had no place for him and hung up the phone. [*Id.*]. Plaintiff appears to believe this, as well as his other difficulties in ministering to prisoners, was part of a broader conspiracy on Defendants' part to deny him and the prisoners their First Amendment rights.[2] [*See id.* at 4–5].

---

[2] Plaintiff asserts this conspiracy is animated by Defendants' desire to retaliate against him for "his long history of advocating for prisoners and when necessary[,] suing the defendants" for the constitutional violations they inflicted on prisoners. [Doc. 12]. To support this position, Plaintiff asserts that—before his law license was suspended in the 1990s—he served as counsel in several cases against CoreCivic (then Corrections Corporation of America) concerning the Silverdale facility. [*See* Doc. 12-2 at 7–8; Doc. 2 at 6 (noting when Plaintiff's law license was suspended)]. Plaintiff does not explain how these decades old lawsuits against CoreCivic show that the Defendants harbor retaliatory animus against him.

This pro se lawsuit followed. Through it, Plaintiff purports to bring claims under the Free Exercise Clause (through 42 U.S.C. § 1983), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and 18 U.S.C. § 242. [*Id.* at 15–16]. He also asks the Court to certify a class action for all prisoners who have been denied Holy Communion pursuant to Federal Rule of Civil Procedure 23. [*Id.* at 14]. Plaintiff recognizes that he cannot represent this class, and he asks the Court to appoint a representative for it. [*Id.*].

Plaintiff filed a motion for leave to proceed *in forma pauperis* alongside his Complaint. [Doc. 1; *see also* Docs. 7, 15]. As a result, 28 U.S.C. § 1915(e)(2) obligates the Court to screen this action and dismiss any portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Magistrate Judge Steger performed the Section 1915 screening and concluded that Plaintiff has failed to state a claim for which relief can be granted. [Doc. 18]. He recommends that Plaintiff's claims be dismissed without prejudice. [*Id.*]. Specifically, Magistrate Judge Steger recommends the Court: (1) dismiss the prisoners' Free Exercise claims based on Plaintiff's lack of standing to bring them; (2) dismiss Plaintiff's Free Exercise claim on the ground that he does not have a constitutional right to administer religious services in prisons; (3) dismiss Plaintiff's RLUIPA claim based on Plaintiff's failure to allege that his religious exercise was burdened by a land use regulation; and (4) dismiss Plaintiff's 18 U.S.C. § 242 claim on the ground that 18 U.S.C. § 242 is a criminal statute which does not provide a private right of action. [*Id.*].

Plaintiff timely objected to the Report and Recommendation. [Doc. 19]. In his Objection, Plaintiff does not contest the recommended dismissal of either his RLUIPA claim or his 18 U.S.C.

§ 242 claim. [*See id.*; Doc. 20]. Instead, he focuses his efforts solely on his and the prisoners' Free Exercise claims relating to alleged prohibition on celebrating Holy Communion at Silverdale.[3] [*See* Docs. 19, 20]. For the reasons described herein, Plaintiff's Objection is without merit.

## II. STANDARD OF REVIEW

A court must conduct a de novo review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

As the Court has already noted, Plaintiff objects to the Report and Recommendation's conclusion that both his and the prisoners' Free Exercise claims must be dismissed.[4] [*See* Docs.

---

[3] Plaintiff also argues that Defendants' conduct violates the Establishment Clause. [*See* Doc. 20 at 5–6]. It, however, is not necessary for the Court to consider this argument as the Complaint does not contain an Establishment Clause claim, [*see* Docs. 2, 12], and Plaintiff may not raise the issue for the first time through his Objection. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Williams v. Andreopoulos & Hill*, LLC, No. 23-1156, 2023 U.S. App. LEXIS 30003, at *10 (6th Cir. Nov. 9, 2023) ("A party may not…raise new arguments or allegations for the first time in an objection to magistrate judge's report and recommendation.").

[4] As Plaintiff objects to only the recommended dismissal of his and the prisoners' Free Exercise claims, it is not necessary for the Court to conduct a de novo review of the recommended dismissal of Plaintiff's RLUIPA and 18

4

Case 1:24-cv-00378-CEA-CHS   Document 21   Filed 09/25/25   Page 4 of 7   PageID #: 147

19, 20]. Specifically, he argues that "[t]he gravamen of this cause of action is not whether plaintiff has standing to act as next friend of a class of prisoners…Nor is it whether plaintiff has an inherent right to act as a chaplain." [Doc. 19 at 8]. Instead, Plaintiff contends, the Court should focus on the "attack upon the celebration of the most precious body and blood of Jesus" that amounts to "religious discrimination in violation of the rights of the prisoners to free exercise of religion and the plaintiff[']s 1st Amendment right to free exercise." [*Id.* at 9]. It is questionable whether this argument is sufficiently specific to entitle Plaintiff to de novo review. *See, e.g.*, *Mira*, 806 F.2d at 637. It, however, is not necessary for the Court to answer this question because even assuming that Plaintiff is entitled to de novo review, his arguments still fail.

Starting with the prisoners' Free Exercise claims, Magistrate Judge Steger recommends their dismissal on the ground that Plaintiff lacks standing to sue on the prisoners' behalf. [Doc. 18 at 4–5]. Magistrate Judge Steger is correct. "[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Rover Pipeline LLC v. Zwick*, No. 22-3370, 2022 U.S. App. LEXIS 33144, at *8 (6th Cir. Nov. 30, 2022) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Third-party standing does exist, but it "is limited to cases where (1) 'the party asserting the right has a close relationship with the person who possesses the right and (2) there is a hindrance to the possessor's ability to protect his own interests." *Id.* (internal quotation marks omitted); *see also Tate v. United States*, 72 F. App'x

---

U.S.C. § 242 claims. *See Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). That said, the Court notes that Plaintiff's RLUIPA claim is subject to an independent hurdle not addressed in the Report and Recommendation. While RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," 42 U.S.C. § 2000cc-1, a party may only bring a RLUIPA claim if they possess Article III standing, 42 U.S.C. § 2000cc-2. In this case, Plaintiff lacks standing to pursue a RLUIPA claim. Plaintiff cannot pursue a RLUIPA claim on his own behalf because he is not "a person residing in or confined to an institution[.]" *See* 42 U.S.C. § 2000cc-1. Furthermore, to the extent Plaintiff seeks to bring a RLUIPA claim on behalf of the prisoners, he lacks standing to do so for the reasons stated *infra* p. 5–6.

265, 266 (6th Cir. 2003) (noting that, in the federal habeas context, a putative next friend may sue on behalf of a prisoner if "the prisoner is unable to prosecute the case on his own behalf due to 'inaccessibility, mental incompetence, or other disability' and that the next friend is 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate.'" (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

Here, Plaintiff has not alleged anything suggesting the prisoners he seeks to certify as a class cannot effectively pursue their own Free Exercise claims. Thus, even assuming that Plaintiff is sufficiently close to the prisoners to satisfy the first requirement of third-party standing, he still cannot bring claims on their behalf, whether individually or as a class action. *See Rover Pipeline LLC*, 2022 U.S. App. LEXIS 33144, at *8; *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("Threshold individual standing is a prerequisite for all actions, including class actions."). Accordingly, Plaintiff's objection to this portion of the Report and Recommendation is without merit.

Turning to Plaintiff's personal Free Exercise claim, Magistrate Judge Steger recommends it be dismissed because Plaintiff does not have a constitutional right to administer religious services in prisons. [Doc. 18 at 6–9]. Again, Magistrate Judge Steger is correct. Plaintiff undoubtedly has a constitutional right to practice his faith, to minister to others, and to celebrate Holy Communion. *See* U.S. CONST. amend. I. But this right is not without limits. Importantly, courts have consistently held that clerics do not have an unfettered right to enter correctional institutions to perform religious services. *See O'Malley v. Brierley*, 477 F.2d 785, 793 (3d Cir. 1973) ("[T]here is no principle in the law granting to clerics an absolute right to enter a prison, and Fathers O'Malley and Taylor have no constitutional right to enter Western Penitentiary."); *McCollum v. California*, No. C 04-03339 CRB, 2006 U.S. Dist. LEXIS 58026, at *10 (N.D. Cal.

Aug. 8, 2006) (affirming "that clerics do not have a First Amendment right to minister to prisoners"), *aff'd sub nom. McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 883 (9th Cir. 2011); *Jarrard v. Moats*, No. 4:20-cv-2-MLB, 2021 U.S. Dist. LEXIS 60130, at *19–20 (N.D. Ga. Mar. 30, 2021) (holding that a volunteer minister did not have a First Amendment right to perform baptisms at a jail). Accordingly, Defendants did not violate Plaintiff's Free Exercise rights by prohibiting him from celebrating Holy Communion with the prisoners. *See, e.g.*, *O'Malley*, 477 F.2d at 793. Therefore, Plaintiff's objection to this portion of the Report and Recommendation is without merit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection [Doc. 19] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 18], as further elaborated on in this Memorandum Opinion and Order. This action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. All pending motions [Docs. 9, 11, 14, 17] are **DENIED AS MOOT**. A separate judgment shall enter. There being no more matters to resolve, the Clerk is **DIRECTED** to close the file.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**