# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

NATHAN E. BROOKS, )
)
    *Plaintiff*, ) Case No. 1:24-cv-378
)
v. ) Judge Atchley
)
JOE SMITH, *et al.*, ) Magistrate Judge Steger
)
    *Defendants*. )
)

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff's Motion for New Trial [Doc. 25], his Motion for Oral Argument [Doc. 26], and his Amended Motion for New Trial or In the Alternative for Relief from Judgment [Doc. 32]. Pursuant to Rules 59 and 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff asks the Court to "set aside its previous Order dismissing this cause." [Doc. 33 at 8]. For the following reasons, the Motions [Docs. 25, 26, 32] are **DENIED**.

## I. BACKGROUND

The Court has already addressed the factual background of this case in other Orders and respectfully declines to do so again here [*See* Docs. 18, 21]. Most pertinent to the instant Motions is the procedural history of this case. On December 3, 2024, Plaintiff filed this pro se lawsuit against various Hamilton County, Tennessee, officials bringing claims under the Free Exercise Clause (through 42 U.S.C. § 1983), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and 18 U.S.C. § 242—each generally relating to allegations that he, a clergyman, was being prevented from participating in Holy Communion and anointment for healing and deliverance with prisoners. [*See* Doc. 2 at 15–16]. Plaintiff also asked the Court to certify a class

action for all prisoners at the Hamilton County Jail who have been denied these services pursuant to Federal Rule of Civil Procedure 23. [*See id.* at 2–3, 14].

After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Christopher H. Steger recommended Plaintiff's claims be dismissed without prejudice for failure to state a claim for which relief can be granted. [Doc. 18]. Specifically, Magistrate Judge Steger recommended the Court: (1) dismiss the prisoners' Free Exercise claims based on Plaintiff's lack of standing to bring them; (2) dismiss Plaintiff's Free Exercise claim on the ground that he does not have a constitutional right to administer religious services in prisons; (3) dismiss Plaintiff's RLUIPA claim based on Plaintiff's failure to allege that his religious exercise was burdened by a land use regulation; and (4) dismiss Plaintiff's 18 U.S.C. § 242 claim on the ground that 18 U.S.C. § 242 is a criminal statute which does not provide a private right of action. [*Id.*].

Plaintiff timely objected to the Report and Recommendation, arguing that his and the prisoners' Free Exercise claims are viable. [Docs. 19, 20]. Plaintiff argued that his cause of action is not "whether [he] has an inherent right to act as a chaplain" but is about the "attack upon the celebration of the most precious body and blood of Jesus" that amounts to "religious discrimination in violation of the rights of the prisoners to free exercise of religion and the plaintiff[']s 1st Amendment right to free exercise." [Doc. 19 at 8–9]. Plaintiff also asserted that Defendants' conduct violated the Establishment Clause. [*See* Doc. 20 at 5–6]. The Court, however, declined to consider his Establishment Clause argument because the Complaint did not assert an Establishment Clause claim, and a plaintiff may not raise a new claim for the first time in his objections to a report and recommendation. [Doc. 21 at 4 n.3]. After conducting a de novo review of the portions of the Report and Recommendation Plaintiff objected to, the Court overruled Plaintiff's objections and adopted the Report and Recommendation. [Doc. 21]. As such, Plaintiff's

claims against Defendants were dismissed without prejudice on September 25, 2025. [Docs. 21, 22].

Now, Plaintiff has filed various post-judgment motions seeking relief from the Court's Judgment Order [Doc. 22] pursuant to Rules 59 and 60(b)(1). [Docs. 25, 26, 32]. Plaintiff again seeks to relitigate whether he has stated a viable claim regarding Defendants' denial of his ability to conduct Holy Communion and anointment at the Hamilton County Jail. This matter is now ripe for review.

## II. MOTION FOR ORAL ARGUMENT

Starting with Plaintiff's Motion for Oral Argument, the Court has reviewed the record in this case, the applicable legal authorities, and his arguments. Given the issues at play, the Court finds that oral argument is not necessary for it to resolve Plaintiff's Motions to Reconsider [Docs. 26, 32]. Accordingly, the Motion for Oral Argument [Doc. 26] is **DENIED**.

## III. MOTIONS TO RECONSIDER

### A. Standard of Review

Plaintiff seeks relief under Federal Rule of Civil Procedure 59(e)[1] and 60(b)(1). Rule 59 allows a party to seek a new trial or seek to alter or amend a judgment within 28 days after the entry of judgment. FED. R. CIV. P. 59. Under Rule 59, the court may alter a judgment based on a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need

---

[1] Although Plaintiff broadly invokes Rule 59 and requests a "new trial," no trial was conducted in this matter because his claims were dismissed at the screening stage pursuant to 28 U.S.C. § 1915. Therefore, the Court construes his Rule 59 motion as one brought under Rule 59(e) to alter or amend the judgment in this case. *See Dymarkowski v. Savage (In re Hadley)*, 561 B.R. 384, 396 (6th Cir. 2016) ("Because no trial was ever held, Appellant's motion for a new trial was properly treated as a motion to alter or amend a judgment under Rule 59(e)."); *Williams v. Deutsche Bank Nat'l Tr. Co.*, No. 2:20-cv-02919-SHL-cgc, 2022 U.S. Dist. LEXIS 256623, at *5 n.2 (W.D. Tenn. May 20, 2022) ("Because no trial took place here, the Court assumes that Mr. Williams intended to cite to Rule 59(e), which provides the guidelines for motions to alter or amend judgments.").

3

to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g.*, *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

A district court may also grant relief from a final order or judgment under Federal Rule of Civil Procedure 60 for any of the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud… misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A Rule 60 motion must be made "within a reasonable time," and motions based on subsections (1), (2), and (3), above, must be made within a year of the judgment, order, or proceeding. *Id.*

### B. Analysis

Plaintiff argues that he is entitled to relief from the Judgment in this case on two grounds. First, Plaintiff contends that the Court erred in dismissing his Free Exercise claim. [Doc. 25 at 2].

4

Second, Plaintiff asserts that the facts in his Amended Complaint "clearly show" an Establishment Clause violation that the Court should have allowed to proceed. [*Id.* at 2–3]. Neither of Plaintiff's arguments have merit.

### 1. Free Exercise Claim

Regarding his Free Exercise claim, Plaintiff argues the Court erred in concluding that he failed to state a viable claim and contends that the authorities relied upon in the Court's Memorandum Opinion and Order are factually distinguishable and further cites additional cases that he believes supports his position. [Docs. 27, 33]. To begin, however, a Rule 59(e) motion does not provide Plaintiff with a second opportunity to re-argue his case. *Engler*, 146 F.3d at 374. The Court has explained in detail—in both the Report and Recommendation and the Order adopting the Report and Recommendation over Plaintiff's objections—why Plaintiff failed to assert a viable Free Exercise claim on his behalf. [*See* Doc. 18 at 6–9; Doc. 21 at 6–7]. Plaintiff cannot now use Rule 59 to "relitigate issues of disagreement with the court's initial ruling." *Alshara v. United States*, No. 2:26-cv-10912, 2026 U.S. Dist. LEXIS 102925, at *5 (E.D. Tenn. May 8, 2026) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). Nevertheless, out of an abundance of caution, the Court will consider whether Plaintiff's arguments satisfy the requirements for relief under Rule 59(e) or Rule 60.

Under Rule 59(e), Plaintiff fails to show a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Leisure Caviar, LLC*, 616 F.3d at 615. In support of his argument, Plaintiff cites two cases he believes the Court should have considered. First, Plaintiff argues that Defendants' prohibition of Holy Communion and anointment is analogous to the unconstitutional ordinances in *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993). The comparison is misplaced. In *Church of Lukumi*

*Babalu Aye, Inc.*, the city of Hialeah enacted ordinances specifically targeting and prohibiting the practice of animal sacrifice—a central religious practice of the petitioner's faith. 508 U.S. at 524–28. The Supreme Court held that the ordinances violated the Free Exercise Clause because they were enacted for the very purpose of suppressing the petitioner's religious exercise. *Id.* at 534–38.

Here, Plaintiff is not alleging that Defendants have prohibited him from practicing Holy Communion or anointment altogether. Rather, he challenges restrictions on conducting Holy Communion and anointment within a correctional facility. [Doc. 27 at 6]. That distinction matters. As the Court has already explained in its prior Orders, the Free Exercise Clause does not guarantee unfettered access to practice one's religion in any manner or location one chooses. Indeed, courts have recognized that outside clergy and chaplains do not possess a constitutional right to enter correctional institutions to administer religious services or sacraments. *See O'Malley v. Brierley*, 477 F.2d 785, 793 (3d Cir. 1973)[2] ("[T]here is no principle in the law granting to clerics an absolute right to enter a prison, and Fathers O'Malley and Taylor have no constitutional right to enter Western Penitentiary."); *McCollum v. California*, No. C 04-03339 CRB, 2006 U.S. Dist. LEXIS 58026, at *10 (N.D. Cal. 7 Aug. 8, 2006) (affirming "that clerics do not have a First Amendment right to minister to prisoners"), *aff'd sub nom. McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 883 (9th Cir. 2011); *Jarrard v. Moats*, No. 4:20-cv-2-MLB, 2021 U.S. Dist. LEXIS 60130, at *19–20 (N.D. Ga. Mar. 30, 2021) (holding that a volunteer minister did not have a First Amendment right to perform baptisms at a jail). Thus, unlike *Church of Lukumi Babalu Aye, Inc.*,

---

[2] Plaintiff also argues that the facts in *O'Malley* are distinguishable from those in this case because he was "assured [] that he could return to his position as priest on the sole condition that he refrain from celebrating Holy Communion or Anointing for healing and deliverance." [Doc. 27 at 3–4]. Even if such a distinction were true, it does not alter the underlying principle that volunteer religious ministers do not have a fundamental right to enter prisons and perform religious exercises as they please. *See Jarrard*, 2021 U.S. Dist. LEXIS 60130, at *19–20.

this case does not involve government action specifically designed to prohibit or suppress Plaintiff *himself* from exercising his religion.

Plaintiff's reliance on *Coalition for Spiritual v. Noem*, No. 25 C 14168, 2026 U.S. Dist. LEXIS 29266 (N.D. Ill. Feb. 12, 2026) is likewise misplaced. In *Coalition for Spirtual*, the plaintiffs, a religious group, alleged that Immigration and Customs Enforcement ("ICE") violated the Religious Freedom Restoration Act of 1993 ("RFRA") when it denied them entrance into an ICE facility to "minister to detainees." 2026 U.S. Dist. LEXIS 29266, at *1–4. The Court, in analyzing whether a preliminary injunction was appropriate, found that the plaintiffs showed a likelihood of success on the merits of their RFRA claim because ICE substantially burdened the plaintiff's exercise of religion. *Id.* at *4–5. RFRA, however, has no application to Plaintiff's claims because it does not apply to state or local governments. *See City of Boerne v. Flores*, 521 U.S. 507 (1997); *Gerber v. Herskovitz*, 14 F.4th 500, 510 (6th Cir. 2021). Furthermore, while an individual may have a valid cause of action against the federal government under RFRA, it does not necessarily follow that the same conduct by a state government is cognizable under the Free Exercise Clause. This is because RFRA provides broader protections for religious exercise and imposes a far more demanding standard on government action than the Free Exercise Clause itself. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 n.1 (9th Cir. 2008) (per curiam) (". . . RFRA's prohibition on statutes that burden religion is stricter than that contained in the Free Exercise Clause."). *Coalition for Spiritual* is, therefore, inapplicable to this case.

In short, none of Plaintiff's arguments demonstrate that he is entitled to relief under Rule 59(e).

Plaintiff has also failed to make the necessary showing for relief under Rule 60(b)(1). Specifically, Plaintiff argues that the Court has made a "mistake of law" under Rule 60(b)(1).

[Doc. 33 at 9]. As the court has already explained above, none of Plaintiff's cited cases demonstrate that the Court committed an error in finding that he has failed to assert a viable Free Exercise claim. Although Plaintiff does have a right to practice his faith and minister to others, he does not have an unfettered right to enter correctional institutions to perform religious services. *See O'Malley*, 477 F.2d 785, 793; *McCollum*, 2006 U.S. Dist. LEXIS 58026, at \*10; *Jarrard*, 2021 U.S. Dist. LEXIS 60130, at \*19–20. Plaintiff has cited no other compelling reasons under Rule 60(b) justifying relief from the Judgment in this case.

Accordingly, Plaintiff is not entitled to relief under either Rule 59(e) or Rule 60(b)(1) as to his Free Exercise claim.

### 2. Establishment Clause Claim

Plaintiff also argues that the Court should permit him to assert an Establishment Clause claim based on the allegations in his Amended Complaint. [Doc. 27 at 6–7]. Although Plaintiff "concedes that he did not specifically plead" an Establishment Clause claim, he argues that, under Rule 60(b)(1), the mistake was "inadvertent" because he was "recuperating from surgery." [*Id.*]. There are two reasons that counsel the Court against permitting Plaintiff to proceed with this claim.

First, "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). That policy weighs heavily against Plaintiff's request here. Plaintiff had ample opportunity to assert an Establishment Clause claim if he wished to do so. He filed this action of December 3, 2024, and filed his Amended Complaint on January 2, 2025—neither of which included an Establishment Clause claim. [*See* Docs. 1, 12]. The Magistrate Judge did not issue a Report and Recommendation on Plaintiff's Amended Complaint until September 4, 2025, leaving Plaintiff approximately eight

months during which he could have sought leave to amend his pleading. [*See* Docs. 12, 18]. He did not do so. Instead, Plaintiff raised the Establishment Clause claim for the first time in his objections to the Report and Recommendation after the Magistrate Judge screened his claims. [*See* Doc. 20 at 5–6]. Under these circumstances, the Court cannot conclude that Plaintiff acted diligently in attempting to assert his claims. Moreover, Plaintiff's pro se status does not excuse his failure, as he was a practicing attorney in Tennessee for two years. *See Sanai v. Kozinski*, No. 4:19-cv-08162-YGR, 2021 U.S. Dist. LEXIS 69596, at *11 n.11 (N.D. Cal. Apr. 9, 2021) ("The Court notes that in general, pro se plaintiffs are held to a less stringent standard than those plaintiffs who are proceeding with counsel. This is inapplicable where [the plaintiff] himself is a lawyer licensed and practicing in the state of California." (internal citations omitted))

In short, Plaintiff had numerous opportunities to plead an Establishment Clause claim and failed to do so. He cannot now set aside a final judgment simply because he wishes to pursue a new legal theory.

Second, even if Plaintiff had raised an Establishment Clause claim, it would not be applicable here. Although they are intertwined, the Establishment Clause and the Free Exercise Clause protect against fundamentally different governmental conduct. Generally speaking, Establishment Clause violations arise when the government endorses, favors, or establishes a particular religion or religious practice, whereas Free Exercise Clause violations arise when the government prohibits or suppresses an individual's religious exercise. As the Supreme Court has aptly explained:

> In our Establishment Clause cases we have often stated the principle that the First Amendment forbids an official purpose to disapprove of a particular religion or of religion in general. . . .These cases, however, for the most part have addressed governmental efforts to benefit religion or particular religions, and so have dealt with a question different, at least in its formulation and emphasis, from the issue here. Petitioners allege an attempt to disfavor their religion because of the religious

9

ceremonies it commands, and the Free Exercise Clause is dispositive in our analysis. At a minimum, the protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons.

*Church of Lukumi Babalu Aye, Inc.*, 508 U.S. at 520, 532. Here, Defendants' alleged denial of Plaintiff's ability to conduct Holy Communion and anointment in a detention facility is better addressed via a Free Exercise claim, which the Court has already dismissed for failure to state a claim. *See Molina v. Little*, No. 1:23-cv-00257, 2024 U.S. Dist. LEXIS 132249, at *6–8 (W.D. Pa. July 26, 2024) (dismissing the plaintiff's Establishment Clause claim when the allegations amount to a restriction of religion).

In any event, Plaintiff has not alleged any facts showing that Defendants' alleged policy favors or supports one religious denomination over another. *See Cath. Charities Bureau, Inc. v. Wis. Lab. & Indus. Rev. Comm'n*, 605 U.S. 238, 247 (2025). Nor has he alleged or provided any evidence demonstrating that preventing ministers from performing religious practices in detention facilities violates the Establishment Clause's "original and historical meaning." *City of Ocala v. Rojas*, 143 S. Ct. 764, 765 (2023)

Therefore, Plaintiff has not shown that he is entitled to relief under Rule 59(e) or Rule 60(b)(1) that would permit him to be relieved of final judgment to pursue an Establishment Clause Claim against Defendants.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's post-judgment Motions [Docs. 25, 26, 32] are **DENIED**.

  **SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

10